IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIZA WEISER and SCOTT WEISER, as Administrators and Personal Representatives of the ESTATE OF DAVID WEISER, and in Their Individual Capacities,<br>     Plaintiffs<br><br>     v.<br><br>ELIZABETHTOWN AREA SCHOOL DISTRICT *et al.*,<br>     Defendants | : NO. 5:17-625<br>:<br>: CIVIL ACTION – LAW<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' PETITION FOR APPROVAL OF SETTLEMENT**

AND NOW, Petitioners, Scott and Liza Weiser, as Administrators and Personal Representatives of the Estate of David Weiser, and in their individual capacities, ("Petitioners") by and through their attorneys, Gibbel Kraybill & Hess LLP, respectfully request that the Court approve the settlement agreement between Petitioners and Defendants, and in support thereof provide:

**A. Factual and Procedural Background**

1. Petitioners are adult individuals with a mailing address at 502 East Front Street, Marietta, PA 17547.

2. Petitioners are the parents of David Scott Weiser, the Decedent. Hereinafter referred to as "David".

3. On March 9, 2015, David was walking home from school in Elizabethtown, Pennsylvania and while crossing the street he was tragically struck by a vehicle being operated by Defendant Mary Roush.

1

4. As a result of the accident, David passed away at the scene of the accident. See the Certificate of Death attached hereto as Exhibit "A".

5. At the time of his death, David was 13 years old and in seventh grade at Elizabethtown Area Middle School.

6. On February 26, 2015, Petitioners were granted Letters of Testamentary by the Register of Wills of Lancaster County. A copy of the Short Certificate is attached hereto as Exhibit "B."

7. At the time of the accident, Petitioners were divorced and had joint custody of David.

8. Following the accident, Petitioners retained the legal services of Gibbel Kraybill & Hess LLP ("Law Firm" or "Petitioners' Counsel") to represent them in handling claims arising out of David's death against the Elizabethtown Area School District Defendants ("School District Defendants") and Defendant Mary Roush.

9. Petitioners' Counsel filed the instant lawsuit against the Defendants on February 10, 2017 ("litigation").

10. The litigation involved complicated legal and factual issues involving the application of federal and constitutional law to the tragic events surrounding David's death.

11. Following the Court's ruling on the School District Defendants' Motion to Dismiss, counsel for the parties proceeded to engage in the discovery phase of the litigation by, *inter alia*, exchanging significant amounts of written discovery, deposing key witnesses and subpoenaing the records of third parties.

12. On July 11, 2018, counsel and representatives of the parties attended a settlement conference before the Honorable Henry S. Perkin, at which time the parties reached an agreement to settle the litigation. A copy of the settlement agreement is attached as Exhibit "C."

### B. Proposed Settlement of Claims

13. As more fully set forth in the settlement agreement attached as Exhibit "C," Petitioners have agreed to accept the following payments as full and final settlement of all claims raised in this litigation.

   a. Defendant Roush, through her insurance carrier, Erie Insurance, will pay its policy limits of $50,000.00 to Petitioners (see January 15, 2016 Correspondence from Janet E. Covely attached as Exhibit "D"); and

   b. The School District Defendants will pay $425,000.00 to Plaintiffs from its insurance coverage.

14. Defendant Roush verified she has no other insurance or assets that could be used to satisfy a judgment. *See* Verification attached as Exhibit "E."

15. To date, no unpaid claims have been raised and/or are outstanding related to the Estate of David Scott Weiser.

16. On August 14, 2018, the Elizabethtown Area School Board approved the proposed settlement.

17. By correspondence dated August 15, 2018, the Pennsylvania Department of Revenue reviewed and approved allocating the settlement proceeds as wrongful death damages as indicated by the letter attached as Exhibit "F".

### C. Proposed Court Approval

18. Pursuant to 20 Pa.C.S. § 3323, Plaintiffs and Defendants must obtain court approval of the settlement agreement because it involves an estate. Approval may be granted by "any court or division thereof in which such action is pending and which has jurisdiction thereof . . . ." 20 Pa.C.S. § 3323 (b).

19. Counsel is of the professional opinion that the proposed settlement amount is reasonable and appropriate based on the legal and factual issues surrounding this case, with which the Court is familiar based on the settlement conference and the pretrial proceedings.

20. As noted in the Department of Revenue's correspondence, there is no inheritance tax upon the transfer of property from a child twenty-one years of age or younger to or for the use of a natural parent. *See* 72 P.S. § 9116(a)(1.2).

21. Therefore, while there is no need to allocate the settlement proceeds between a wrongful death claim and survival action for purposes of inheritance taxes, Petitioners submit the entire settlement proceeds are most appropriately distributed pursuant to the wrongful death statute because the damages arose out of the wrongful death of David. It appears there was little chance of recovering more than nominal survival damages as it is believed David died almost instantly after being struck.

22. Based upon the fee agreement between Petitioners and Petitioners' Counsel, Petitioners may decide to settle a claim that includes the payment of attorneys' fees, however, Plaintiffs are then "responsible for paying the greater of either the minimum fee [1/3 contingency] or the attorneys' fees which might have been awarded under 42 U.S.C. § 1988, computed by multiplying the reasonable amount of hours spent by each attorney, paralegal and law clerk who worked on the case by the market rate for that person's services at the time of the

settlement, with no reductions or enhancements." A copy of the fee agreement is attached as Exhibit "G."

23. In the instant case, as of July 13, 2018, the Petitioners' Counsel has incurred Two Hundred Thirty-Five Thousand Five Hundred Thirty-Seven Dollars 50/00 ($235,537.50) in attorney's fees.

24. Petitioners' Counsel agreed to reduce its fee to one-third of the settlement proceeds ($158,333.00) to help settle the lawsuit.

25. In addition, during the settlement conference, Petitioners' Counsel further agreed to reduce its fee by an additional Ten Thousand Dollars ($10,000.00) in order to bridge the gap between what Defendants were willing to offer to settle the matter and what Petitioners were willing to accept.

26. Accordingly, Counsel respectfully requests that the Court approve counsel fees in the amount of One Hundred Forty-Eight Thousand Three Hundred Thirty-Three Dollars ($148,333.00) which Counsel submits is fair and reasonable pursuant to the Contingent Fee Agreement the parties executed on August 26, 2016, the amount of actual time and fees expended in this litigation and the complexity of the legal and factual issues involved with this case.

27. The fee agreement further provides that Petitioners are responsible for the payment of all costs associated with the litigation.

28. In the instant case, the Law Firm advanced funds to Petitioners to pay for litigation costs that included filing fees, expert fees, deposition costs, copying costs and other associated costs and expenses.

29. The Law Firm also incurred costs to open an estate for David and to make the required filings related thereto.

30. There is a balance of $6,342.28 in unpaid costs that the Law Firm advanced to Petitioners that should be paid to the Law Firm from the settlement proceeds. A summary of the costs incurred by the Law Firm along with a balance of the unpaid costs is attached hereto as Exhibit "H."

31. Petitioners' Counsel submits that these costs were all reasonable and necessary and request that the Court approve the payment of these costs to the Law Firm pursuant to the fee agreement the Law Firm entered into with the Petitioners.

32. Accordingly, Petitioners respectfully request that the Court approve the distribution of the settlement proceeds as follows and as set forth in the proposed Order:

| | |
|---|---|
| Scott and Liza Weiser | $ 320,324.72 |
| Gibbel Kraybill & Hess LLP for fees | $ 148,333.00 |
| Gibbel Kraybill & Hess LLP for costs | $ 6,342.28 |

WHEREFORE, for all of the foregoing reasons, Petitioners respectfully request your Honorable Court to enter an Order approving the proposed settlement agreement and authorizing the proposed distribution of the settlement proceeds, which will be distributed pursuant to the schedule set forth in the proposed Order.

Respectfully submitted,

GIBBEL KRAYBILL & HESS LLP

Date: 9/11/18

/s/ J. Dwight Yoder
J. Dwight Yoder, Attorneys for Petitioners
2933 Lititz Pike, P.O. Box 5349
Lancaster, PA 17606
(717) 291-1700
Sup. Ct. Atty. I.D. #81985